UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZHONG SHI GAO,<br>　a/k/a "George,"<br>NAIFENG XU,<br>　a/k/a "Andy," and<br>FEI JIANG,<br>　a/k/a "Jeffrey,"<br>　a/k/a "Brother Fei,"<br><br>　　　　　　Defendants. | **SEALED SUPERSEDING INDICTMENT**<br><br>S3 23 Cr.<br><br>S(3) 23 CRIM 572 |

### COUNT ONE
**(Conspiracy to Commit Bank Fraud)**

The Grand Jury charges:

### Overview

1.　Between at least in or about 2018 and in or about 2022, ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, participated in a scheme with others to steal millions of dollars from financial institutions by causing transfers of funds between accounts they controlled, then falsely and fraudulently reporting that the transfers were unauthorized, which induced the financial institutions to credit them the amount of the transfers. The scheme proceeded in the following manner: First, GAO, XU, JIANG, and other members of the scheme would recruit other people—frequently foreign nationals from China and Taiwan temporarily residing in the United States—to open bank accounts at various bank branches in the New York City metropolitan area and elsewhere. Control over these bank accounts would then be given to GAO, XU, JIANG, and other members of the scheme. Second, GAO, XU, JIANG, and other members of the scheme would arrange for funds

to be deposited and transferred between bank accounts controlled by members of the scheme. Next, GAO, XU, JIANG, and other members of the scheme would cause fraudulent reports to be filed with the banks claiming that these wire transfers were unauthorized. This prompted the banks to temporarily credit the accounts in the amount of the transferred funds, even though GAO, XU, JIANG, and other members of the scheme had in fact authorized the transfers and maintained control over the transferred funds all along. Finally, GAO, XU, JIANG, and other members of the scheme would arrange for the credited funds to be quickly withdrawn as cash or converted into cryptocurrency and moved to foreign cryptocurrency exchanges before the banks realized that the unauthorized-transfer reports were fraudulent. This resulted in GAO, XU, JIANG, and other members of the scheme effectively doubling their money while leaving the bank accounts with negative balances. In total, GAO, XU, JIANG, and other members of the scheme are responsible for over $10 million in actual losses to nearly a dozen banks and financial institutions.

## Statutory Allegations

2.      From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

3.      It was a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18,

United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, GAO, XU, and JIANG agreed to make and cause to be made false statements to financial institutions, including false reports of unauthorized wire transfers, in order to obtain funds.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

4. From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

5. It was a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, which affected a financial institution, in violation of Title 18, United States Code,

Section 1343, to wit, GAO, XU, and JIANG agreed to make and cause to be made false statements to financial institutions, including false reports of unauthorized wire transfers, in order to obtain funds, and sent and received, and caused others to make, send, and receive telephone calls, emails, text messages, and electronic wire transfers, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
### (Conspiracy to Commit Money Laundering)

The Grand Jury further charges:

6. From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957.

7. It was a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343,

knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

8. It was further a part and an object of the conspiracy that ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, and others known and unknown, would and did knowingly engage and attempt to engage in a monetary transaction, as defined in Title 18, United States Code, Section 1957(f)(1), in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Section 1956(h).)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury further charges:

9. From at least in or about 2018 through at least in or about 2022, in the Southern District of New York and elsewhere, ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, GAO, XU, and JIANG used and transferred the names, social security numbers, passport numbers, drivers' license numbers, bank account numbers, and credit card

numbers of other persons during and in relation to the bank fraud conspiracy and wire fraud conspiracy violations charged in Counts One and Two of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## FORFEITURE ALLEGATIONS

10. As a result of committing the offenses alleged in Count One and Count Two of this Indictment, ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

11. As a result of committing the offense alleged in Count Three of this Indictment, ZHONG SHI GAO, a/k/a "George," NAIFENG XU, a/k/a "Andy," and FEI JIANG, a/k/a "Jeffrey," a/k/a "Brother Fei," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

### Substitute Assets Provision

12. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

> (Title 18, United States Code, Section 982;
> Title 21, United States Code, Section 853; and
> Title 28, United States Code, Section 2461.)

*[Signature]* (DFP)
FOREPERSON

*[Signature]*
DAMIAN WILLIAMS
United States Attorney

7